

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Burnell Waldrep
County Attorney, Red River County
Clarksville, Texas

Dear Sir:                          Attention: Mr. B. C. Jones,
                                              Assistant

                                   Opinion No. O-5887
                                   Re: Validity of an order of
                                   the County Commissioners'
                                   Court changing the boundary
                                   lines between two county
                                   commissioner's precincts
                                   and related matters.

        Your letter of February 16, 1944, requesting the
opinion of this department on the question stated therein reads,
in part, as follows:

        "I wish to request an opinion from your of-
    fice on the validity of the following order adopted
    by the Red River County Commissioners Court at its
    regular December Term, 1943, without any previous
    notice having been given and without being petitioned
    to adopt such order. Furthermore, Highway 37 men-
    tioned in said order has not been completed to Red
    River, but the surveying has been done.

            "'The STATE OF TEXAS:
            "'COUNTY OF RED RIVER:
            "On this the 13th day of December 1943,
    the Commissioners' Court of Red River County, Texas,
    met in Regular Session with the following members
    of the court present: Marion A. Lawson, County Judge,
    R. D. Dugger, Commissioner Precinct 1; Frank Norris,
    Commissioner Precinct 2; O. H. Sargent, Commissioner
    Precinct 3; and J. J. Emry, Commissioner Precinct 4.
    Among other proceedings the following order was adopted
    by the court with all commissioners voting AYE:

                    "'AN ORDER
        "'IT IS HEREBY ORDERED, ADJUDGED AND DECREED BY
    THE COMMISSIONERS COURT OF RED RIVER COUNTY, TEXAS,

"'That the boundary line between Red River County Commissioners Precinct No. 2 and Commissioner's Precinct No. 3 beginning at the intersection of the Texas & Pacific Railway tracks and Highway 37 in the City of Clarksville, Texas, thence northerly to Red River as the boundary has heretofore been established is abolished, and the boundary shall hereafter be reestablished and defined as follows:

"'BEGINNING at the intersection of the Texas & Pacific Railway tracks and Highway 37 in the City of Clarksville, Texas, thence in a northerly direction following the center-line of Texas State Highway 37 to Red River.

"(L.S.)                    "(Signed)Marion A. Lawson
                                   "County Judge.'"

"Are orders passed at the December Term changing the line between two commissioner's precincts valid? Must such proposed change be advertised in any way or notice given?"

In the case of Turner v. Allen, 254 S. W. 630, it is stated, among other things,:

"By section 18, art. 5 of the Constitution of this state, the commissioners' court is vested with authority to change and reestablish 'from time to time' county commissioners' precincts 'for the convenience of the people.' It is clear from this provision of the Constitution that the county commissioners' court in Texas is given the power and authority to change and re-establish county commissioners' precincts at any time they may deem it to be for the convenience of the people to do so, and, when such authority and power so conferred is exercised by that court, its action is not void. The action may be reviewed or corrected, when erroneously or wrongfully or improperly exercised, by a proper proceeding for that purpose, but such action, though it amounts to a gross abuse of the court's discretion, and though it, in effect, constitutes a legal fraud upon persons who may be affected by the court's action, is not void, and cannot be attacked or impeached collaterally. * * *"

Also see the cases of Dubose v. Woods, 162 S. W. 3; Ward v. Bond, 10 S. W. (2d) 590, and Lewis, et al v. Harris, et al, 48 S. W. (2d) 730.

In the case of Lewis, et al v. Harris, et al, supra, it is said:

"As applied to different situations, the phrase 'convenience of the people,' as used in the Constitution, may have different meanings, but in our opinion it cannot properly be construed as imposing upon a commissioners' court the absolute duty of rearranging the boundaries of commissioners' precincts, from time to time, so as to accord to each precinct representation upon and power of control of the commissioners' court in proportion to their respective populations, voting strengths, and taxable valuations. * * *"

Article 2349, Vernon's Annotated Civil Statutes, provides:

"The court shall require the county clerk to keep suitable books in which shall be recorded the proceedings of each term of the court; which record shall be read and signed after each term by the county judge, or the member presiding and attested by the clerk. The clerk shall also record all authorized proceedings of the court between terms; and such record shall be read and signed on the first day of the term next after such proceedings occurred."

It is noted that the order of the Commissioners' Court under consideration is signed by the County Judge, and for the purposes of this opinion, we assume that the same was attested by the clerk.

In view of the foregoing authorities, you are

respectfully advised that it is the opinion of this department that the order of the Commissioners' Court of Red River County made at its Regular December Term, 1943, changing the boundary lines between two commissioner's precincts is valid.

In answer to your second question, you are advised that we know of no statute or provision of the State Constitution requiring any notice of any kind to be given in connection with the order of the Commissioners' Court here involved.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED DEC 23 1944

ATTORNEY GENERAL OF TEXAS

AW:EP


APPROVED OPINION COMMITTEE